REGAN,- Judge.
Plaintiff, Gilbert T. Gray, instituted' this suit against the defendant, Ruppert Kohl-maier, Sr., for the rescission of an' oral contract in the amount of $480.61, representing the purchase price paid to defendant for twelve chairs manufactured by him and which were not created in conformity with the agreement.
Defendant answered and asserted that the twelve, chairs made by him were duplicates of his floor sample which the plaintiff’s wife had inspected and approved and that, therefore, the chairs were manufactured in accordance with their agreement.
From a judgment in favor of plaintiff as prayed for, defendant ha's prosecuted this appeal.
Both litigants concede that the defendant is an artisan of forty years experience in cabinet making and skilled in the reproduction of antique furniture. Sometime prior to the. inception of the present controversy, defendant had manufactured two chairs for the plaintiff’s wife. The present dispute arose after the defendant had delivered the twelve chairs to the plaintiff’s wife, which he asserts were copied from a chair displayed in his establishment and which the plaintiff’s wife approved of and agreed to. Plaintiff, on the other hand, vehemently disputes this statement and insists that the- twelve chairs were to be exact duplicates of the two chairs which his wife had purchased on a former occasion ' from the defendant.
The only question which the pleadings and the evidence has posed for our consideration is one of fact and that is whether the twelve chairs were to be duplicates of a chair which was displayed in defendant’s establishment or of the two chairs manufactured, at a previous time, by the defendant for the plaintiff’s wife?
In support of plaintiff’s contention his wife elucidated thereupon in detail and her testimony is to the effect that the chairs were to be exact reproductions of the two chairs previously purchased from the defendant. While plaintiff was not present when’ the agreement for the manufacture of the twelve chairs was initially consummated, he did return with his wife to defendant’s establishment shortly after delivery of the chairs to his home, to voice disapproval thereof. He also testified that, in his presence, defendant admitted that these chairs did not conform to the chairs purchased from • him on a prior occasion and agreed to accept the return of them and to create twelve other chairs that would conform to'his wife’s wishes.
*519 Defendant on the other hand, testified that the twelve chairs were duplicates of a chair displayed in his establishment which the plaintiff’s wife had approved of. Two of his employees endeavored to support his statements, although they admitted, under cross-examination, that they could have been some distance removed from plaintiff’s wife and defendant at the time that the conversations relative to the purchase of these chairs occurred.
The trial judge resolved the foregoing question of fact in favor of the plaintiff and a careful analysis of the record, in our opinion, discloses no error in his conclusion. We are convinced from the context of the record that the twelve chairs manufactured by the defendant for the plaintiff were not in conformity with their oral agreement.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.